# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RONNIE L. CHAPMAN
ADC #100054                                                     PLAINTIFF

v.                         No. 5:15-cv-103-DPM

SHAY BAKER, Training Officer, Delta
Regional Unit, ADC; and TONI PERRY,
Sergeant, Delta Regional Unit, ADC                              DEFENDANTS

## ORDER

**1.** On *de novo* review, the Court declines the recommendation, № 110, and sustains Baker and Perry's objection, № 113. FED. R. CIV. P. 72(b)(3). Viewing the admissible evidence in the light most favorable to Chapman, Baker and Perry are entitled to qualified immunity. *Prosser v. Ross*, 70 F.3d 1005, 1007 (8th Cir. 1995).

**2.** There's an evidentiary objection. № 113. In opposing the motion, Chapman relies on several statements from fellow prisoners. № 100 at *Exhibit K*. Baker and Perry object to those statements; and the Court sustains this objection. The statements reflect that they were made "freely, under no duress, and without undue coercion[.]" But they weren't made under penalty of perjury and thus aren't admissible "declarations" within the meaning of Rule 56 or 28 U.S.C. § 1746. The Court therefore will not consider these statements in deciding the motion for summary judgment. FED. R. CIV. P. 56(c); *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005); *see also Watkins v. Perkins*, 618 F. App'x 299, 299–300 (8th Cir. 2015) (unpublished *per curiam*).

**3.** Chapman's claims against Baker and Perry are in two baskets: (1) they should have prevented the attack in the first place; and (2) they should have intervened sooner once they knew the attack was happening. The Court addresses each in turn.

Chapman argues that Baker knew Tanner intended to attack other inmates. Here, Chapman relies on a particular line in Tanner's deposition: "I let [Perry] know what I told [the classification committee]." № 100, *Exhibit B at 65*. But this is a selective reading of Tanner's testimony. This sentence is among Tanner's repeated testimony that he never specifically told Perry that he intended to harm other inmates. № 100, *Exhibit B at 64–66*. Instead, he told her only that he was "going through it." *Ibid.* He told the committee, on the other hand, that he intended to hurt others if he wasn't transferred. № 100, *Exhibit B at 28–31*. Read in context, Tanner's testimony doesn't support a finding that Perry knew Tanner intended to harm Chapman or other inmates. This is a surprise-attack case, not a targeted-threat case. *Compare Prosser*, 70 F.d at 1007–08, *with Young v. Selk*, 508 F.3d 868 (8th Cir. 2007). Indeed, "[Chapman] himself admitted in his deposition that the attack took him by surprise." *Prosser*, 70 F.3d at 1007. Chapman's claim requires Baker and Perry to have done what Chapman didn't—anticipate the attack. In the circumstances, Baker and Perry had no such duty. The guards are therefore entitled to qualified immunity on the prevention issue.

Second, Chapman argues that Baker and Perry should have stopped Tanner's multi-inmate attack sooner than they did. But Chapman hasn't

established that Baker and Perry were deliberately indifferent in failing to intervene more quickly.

Chapman saw Baker and Perry looking into the barracks at least three times—once during an argument that preceded the attack; once while the attack was ongoing; and again after Tanner struck Chapman. Chapman says that roughly ten minutes went by between each of these events. *№ 100, Exhibit A at 62–67*. Chapman asks the Court to conclude that a jury could reasonably find that Baker and Perry were standing idly, watching the violence during that entire twenty-minute stretch. The record, though, doesn't go that far.

Perhaps more importantly, the evidence doesn't show that Baker and Perry realized, or should have realized, that an attack was happening before Tanner hit Chapman. Notably, even Chapman—who was in the barracks—didn't realize Tanner was attacking other inmates until Tanner hit him. Chapman presses hard on the fact that Baker and Perry "stood around and did nothing." *Arnold v. Jones*, 891 F.2d 1370, 1373 (8th Cir. 1989). His frustration is understandable: he was hurt in what he believes was a preventable attack. But the record simply doesn't show that the guards had a duty to intervene sooner or that, in failing to do so, they callously disregarded a known risk to Chapman. *E.g., Williams v. Willits*, 853 F.2d 586, 591 (8th Cir. 1988). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Latimore v. Widseth*, 7 F.3d 709, 713 (8th Cir. 1993) (quotation omitted). At most, a jury could conclude that Baker and

Perry were negligent, not deliberately indifferent, in their intervention. Qualified immunity therefore shields Baker and Perry from liability on the intervention issue.

\* \* \*

Objection, № *113*, sustained. Recommendation, № *110*, declined. Motion for summary judgment, № *93*, granted. Chapman's claims against Baker and Perry will be dismissed with prejudice.

The Court relieves Chapman's appointed counsel with thanks for her services. Any motion for reimbursement of remaining expenses, Local Rule 83.6, due by 15 December 2017.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

*1 December 2017*